**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| U.S. SPECIALTY INSURANCE COMPANY,           )<br>                                                                           )<br>                          Plaintiff,            )<br>                                                                           )           No. 17-cv-00004<br>v.                                                                        )<br>                                                                           )<br>CITY OF ANNA, ILLINOIS; REHABILITATION )<br>AND VOCATIONAL EDUCATION PROGRAM, )<br>INC.; and R.H., through his Guardian and Next     )<br>Friend, RATHEL HOUSEWIRTH,                       )<br>                                                                           )<br>                          Defendants.            ) | |

**U.S. SPECIALTY INSURANCE COMPANY'S**
**COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

The Plaintiff, U.S. Specialty Insurance Company ("USSIC"), by its attorneys, BatesCarey LLP, brings this Complaint for Declaratory Judgment and Other Relief against the Defendants, City of Anna, Illinois (the "City"), Rehabilitation and Vocational Education Program, Inc. ("RAVE"), and R.H., through his Guardian and Next Friend, Rathel Housewirth ("R.H."). In support hereof, USSIC alleges as follows:

**NATURE OF THE ACTION**

1.      Since April 2016, the City and RAVE have been involved in a zoning and permitting dispute over the City's refusal to grant RAVE a special-use permit for the construction of two group homes within the City's boundaries.

2.      As a result of the zoning and permitting dispute, RAVE and R.H. filed a lawsuit against the City seeking to enjoin the City to issue the necessary building and special-use permits and a certificate of zoning compliance to permit RAVE to construct and operate its group home in the City. That lawsuit, captioned, *R.H., by his guardian and next friend, Rathel Housewirth;*

*and Rehabilitation and Vocational Education Program, Inc. v. City of Anna, Illinois*, Case No. 16-cv-1234, is pending in this Court (hereinafter the "Underlying Lawsuit").

3. The City seeks defense and indemnity insurance coverage from USSIC for the Underlying Lawsuit under a policy issued by USSIC to the City for the policy period May 1, 2015 to May 1, 2016.

4. Because the Underlying Lawsuit is a dispute over the City's zoning and permitting decisions for the group homes proposed by RAVE, it falls squarely within the USSIC policy's "Zoning and Permitting Exclusion," which precludes coverage for, among other things, "damages," claims or "suits" (such as the Underlying Lawsuit here) alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving the control of property by zoning decisions and permitting decisions (which is what is at issue in the Underlying Lawsuit), however characterized, and public officials' acts (such as those that are at issue in the Underlying Lawsuit) that involve or are in any way related to zoning or permitting decisions (which, again are at issue in the Underlying Lawsuit).

5. USSIC has denied coverage for the Underlying Lawsuit pursuant to the Zoning and Permitting Exclusion.

6. Accordingly, pursuant to 28 U.S.C. § 2201 *et seq.*, USSIC seeks a declaration from this Court that there is no coverage available for the Underlying Lawsuit and, thus, no duty to defend or indemnify the City under the USSIC policy.

## THE PARTIES

7. USSIC is an insurance company incorporated under the laws of the State of Texas, with its principal place of business located in Houston, Texas.

8. The City of Anna is located in the Southern District of Illinois for the purposes of venue under 28 U.S.C. § 1391(c)(2). The City is organized under the laws of the State of Illinois and is a body politic and corporate.

9. RAVE is an Illinois not-for-profit corporation that resides in the Southern District of Illinois for the purposes of venue under 28 U.S.C. § 1391(c)(2), with its principal place of business located at 214 W. Davie Street, Anna, Illinois 62906. RAVE's registered agent is located at 214 W. Davie Street, Anna, Illinois 62906. RAVE is named herein as a necessary and/or interested party. <u>USSIC seeks no affirmative relief from RAVE</u> other than to bind it to the judgment of the Court sought herein. In the event RAVE stipulates to be bound by the judgment of the Court, USSIC will dismiss RAVE from this action.

10. R.H. is an Illinois resident who resides in the Southern District of Illinois. R.H. is named herein as a necessary and/or interested party. R.H. is being sued through his legal guardian and next, Rathel Housewirth, who also resides in the Southern District of Illinois. <u>USSIC seeks no affirmative relief from R.H.</u> other than to bind him to the judgment of the Court sought herein. In the event R.H., through his legal guardian and next friend, Rathel Housewirth, stipulates to be bound by the judgment of the Court, USSIC will dismiss R.H. from this action.

## **JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) as complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(c)(1)&(2) because all of the Defendants reside in the Southern District of Illinois and in the State of Illinois.

13. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in the Southern District of Illinois.

14. An actual controversy exists between USSIC and Defendants as to whether USSIC has any obligation to defend or indemnify the City in the Underlying Lawsuit.

## THE UNDERLYING ZONING AND PERMITTING DISPUTE

### RAVE Seeks to Develop Group Homes on its Property in the City

15. According to the complaint in the Underlying Lawsuit, the City allegedly exercises zoning authority over land within its boundaries, including the tracts of real property owned by RAVE that are the subject of the special-use permit at issue in the complaint. (Complaint, ¶ 7, at USSIC 000003, Exhibit 1 hereto.)

16. In January 2016, RAVE allegedly purchased two parcels of real estate in the City for the purpose of developing two new group homes that that would each house four adult persons with developmental disabilities. (Exhibit 1, ¶ 19, at USSIC 000008.)

17. Both parcels are located in one and two-family, residential neighborhoods, which are zoned by the City as "R-2" districts. (Exhibit 1, ¶ 19, at USSIC 000008.)

18. Also in January 2016, RAVE allegedly purchased two manufactured homes to put on the real estate parcels. (Exhibit 1, ¶ 20, USSIC 000008.)

19. R.H., the other plaintiff in the Underlying Lawsuit, was selected by RAVE to live at one of the group homes. (Exhibit 1, ¶ 26, at USSIC 000009.)

### The City Denies RAVE's Building Permit Applications

20. After purchasing the properties and the manufactured homes, on or about February 12, 2016, RAVE submitted to the City building permit applications for each of the properties. (Exhibit 1, ¶ 28, at USSIC 000010.)

4

21. RAVE allegedly applied for the permits in order to begin construction of the cement foundations on which the two manufactured homes would sit. (Exhibit 1, ¶ 28, at USSIC 000010.)

22. On April 5, 2016, the Anna City Council voted unanimously to deny the building permit applications. (Exhibit 1, ¶ 32, at USSIC 000012.)

23. After denying the building permit applications, the City advised RAVE that it would need to obtain a special-use permit for the two parcels because they were located in R-2 neighborhoods. (Exhibit 1, ¶ 32, at USSIC 000012.)

### The City Denies RAVE's Request for a Special-Use Permit

24. On June 3, 2016, RAVE filed a special-use permit application with the City for the development of one of the two tracts of property. (Exhibit 1, ¶ 33, at USSIC 000012.)

25. The special-use permit application allegedly stated that the proposed home would comply with all building and zoning code requirements of the City, except that four unrelated persons – rather than one – intended to reside in each home. (Exhibit 1, ¶ 33, at USSIC 000012.)

26. On July 18, 2016, a public hearing on the request for a special-use permit took place before the Zoning Board of Appeals. (Exhibit 1, ¶ 34, at USSIC 000012.)

27. At the conclusion of the public hearing, the Zoning Board of Appeals voted 5-0 to recommend to the City Council to deny RAVE's special-use permit application. (Exhibit 1, ¶ 38, at USSIC 000014.)

28. Among other things, the Zoning Board of Appeals found that: (1) Section 4.13 of Ordinance 81-2 defines "Family" to be one or more persons related by blood, marriage or adoption, together with his or their domestic servants; maintaining a common household in a dwelling; (2) the lots in question are zoned R-2, which permits One and Two Family residences;

5

(3) RAVE's request is for a single residence to be permanently inhabited by four persons not related by blood, marriage or adoption; (4) the interested citizens from the affected neighborhood unanimously oppose the requested zoning modification, believing it would undermine the intended R-2 use of property; (5) RAVE knew, or should have known, of the R-2 zoning requirements at the time that it acquired the property in question; (6) there are numerous other sites located within the City which are available and zoned to permit a four person group such as the one requested by RAVE; and (7) the presentation made by RAVE was contradicted by comments and observations as to the conditions present at RAVE's existing group home in a neighboring community. (Exhibit 1, ¶ 38, at USSIC 000014.)

29. The recommendations of the Zoning Board of Appeals were then referred to the City Council who, on September 20, 2016, unanimously voted to deny the special-use permit. (Exhibit 1, ¶¶ 39-40, at USSIC 000014-15.)

## RAVE and R.H. Sue the City Seeking to Enjoin it to Issue the Necessary Permits and Zoning Certificate

30. On November 8, 2016, RAVE and R.H. filed the Underlying Lawsuit against the City, seeking a preliminary and permanent injunction enjoining the City to issue the necessary building and special-use permits and a certificate of zoning compliance to permit RAVE to construct and operate its group home in the City. (Exhibit 1.)

31. According to RAVE and R.H., the City refused to grant a reasonable accommodation to permit construction and operation of the proposed group home when it denied RAVE's building permit and subsequent application for a special-use permit. (Exhibit 1, ¶ 44, at USSIC 000016.)

32. In being denied the special-use permit, RAVE and R.H. allege violations of the Fair Housing Act, the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act. (Exhibit 1, ¶ 1, at USSIC 000001-02.)

## THE USSIC COVERAGE

33. USSIC issued to the City Special Coverage Policy No. PKG80810390 for the policy period May 1, 2015 to May 1, 2016 (the "USSIC Policy"). (A copy of the USSIC Policy is Exhibit 2, USSIC 000024-340.)

34. The USSIC Policy contains multiple coverage parts, only one of which, Public Officials Liability Coverage (Form POL000100 0413), is even potentially implicated by the allegations in the underlying zoning and permitting dispute.[1]

35. The scope of coverage in the Public Officials Liability Coverage form is, as follows:

>  **A. Insuring Agreement**
>
>  1. We will pay those sums that the insured becomes legally obligated to pay as "damages" because of a "public officials wrongful act" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those "damages," even if the allegations of such "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking "damages" to which this insurance does not apply. We may, at our discretion, investigate any "public officials wrongful act" and settle any claim or "suit" that may result. But:
>
>  a. The amount we will pay for "damages" is limited as described in **SECTION IV LIMITS OF INSURANCE**; and

---

[1] The other coverage parts include: Commercial General Liability, Commercial Employee Benefits Liability, Employment Practices Liability, Law Enforcement Liability, and Commercial Excess Liability, among others. (Exhibit 2, Declarations, at USSIC 000025.)

7

> **b.** Our right and duty to defend end when we have used up the applicable limit of insurance in payment of judgments or settlements for "damages".
>
> **2.** This insurance applies to "damages" only if the "public officials wrongful act" occurs in the "coverage territory", during the Policy Period listed in the Declarations.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **B. Supplementary Payments.**

(Exhibit 2, Section I, Insuring Agreement, at USSIC 000101.)

36. Thus, in order to potentially fall within the scope of coverage afforded by the Public Officials Liability Coverage form, there must be, among other things, "damages" (as that term is defined in Section VI, at USSIC 000109.) because of a "public officials wrongful act" (as that term is also defined in Section VI, at USSIC 000111.) that takes place during the May 1, 2015 to May 1, 2016 policy period.

**USSIC Advises the City of its Coverage Position for the Underlying Lawsuit**

37. On November 22, 2016, the City tendered the defense of the Underlying Lawsuit to USSIC under the USSIC Policy.

38. On December 16, 2016, USSIC provided the City with its written coverage position in response to the City's request for a defense. (A copy of USSIC's letter to the City is Exhibit 3 hereto, USSIC 000341-56.)

39. Among other things discussed in the letter, USSIC advised the City that, while there are allegations of a "public officials wrongful act" taking place during the policy period, those allegations are subject to certain policy provisions, including the Zoning and Permitting Exclusion, which serves to preclude coverage for the Underlying Lawsuit. (Exhibit 3, at USSIC 000342, 000345-46.)

40. The City does not agree with USSIC's coverage position.

## COUNT I

### (No Duty to Defend or Indemnify Pursuant to the Zoning and Permitting Exclusion)

41. USSIC repeats and incorporates by reference herein the allegations of Paragraphs 1 through 40 of this Complaint.

42. Exclusion W. of the USSIC Policy (the "Zoning and Permitting Exclusion") provides that the subject insurance does not apply to "damages," claims or "suits" alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving:

> **W. Zoning, Regulation and Permissive Use of Property**
>
> The taking, partial taking, temporary taking, ***control of property*** or resulting diminution of property value by any means, method or proceeding, including but not limited to, ***zoning decisions***, building code decisions, and ***permitting decisions***, ***however characterized***, and public officials' acts that involves or are in any way related to, the principles of eminent domain, condemnation, inverse condemnation, adverse possession, right of prescription or dedication by adverse use ***or zoning***, building code or ***permitting decisions***."

(Exhibit 2, Section II, Exclusion W., at USSIC 000105; bold and italics emphasis added.)

43. RAVE and R.H. allege that the City wrongfully denied their application for a special-use permit for the development of a group home on the tracts of property currently zoned R-2. (Exhibit 1, ¶ 44, at USSIC 000016.)

44. As a result of the allegedly wrongful denial of the special-use permit, RAVE and R.H. seek to enjoin the City to issue the necessary building and special-use permits and a certificate of zoning compliance to permit RAVE to construct and operate its group home in the City. (Exhibit 1, ¶¶ 1, 56, 66, 76, at USSIC 000001-02, 000017-18, 000020, 000022.)

45. The underlying dispute (i.e., a dispute over zoning and permitting decisions) falls squarely within the USSIC Policy's Zoning and Permitting Exclusion.

46. Because this zoning and permitting dispute falls squarely within the USSIC Policy's Zoning and Permitting Exclusion, there is no coverage available for the Underlying Lawsuit under the USSIC Policy.

47. For this reason, USSIC has no obligation to defend or indemnify the City in the Underlying Lawsuit.

WHEREFORE, the Plaintiff, U.S. Specialty Insurance Company, requests that this Court enter a judgment:

(A) declaring that U.S. Specialty Insurance Company is not required to defend or indemnify the City of Anna with respect to the lawsuit captioned, *R.H., by his guardian and next friend, Rathel Housewirth; and Rehabilitation and Vocational Education Program, Inc. v. City of Anna, Illinois*, Case No. 16-cv-1234, pending in the United States District Court for the Southern District of Illinois;

(B) awarding USSIC such other relief as this Court deems just.

## **COUNT II**

**(In the Alternative to Count I)**

**(No Duty to Defend or Indemnify Pursuant to the Deliberate Violation Exclusion)**

48. USSIC repeats and incorporates by reference herein the allegations of Paragraphs 1 through 40 of this Complaint.

49. If coverage were otherwise potentially available for the Underlying Lawsuit (which USSIC contends it is not), Exclusion D. of the USSIC Policy (the "Deliberate Violation Exclusion") provides that the subject insurance does not apply to "damages," claims or "suits" alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving:

### D. Deliberate Violation

> The deliberate violation of any federal, state or local statute, ordinance, rule or regulation; or the violation of any court order or judgment committed by or with the knowledge or consent of the insured.

(Exhibit 2, Section II, Exclusion D., at USSIC 000102.)

50. RAVE and R.H. allege that the City's actions, as described in the complaint, were intentional and taken with willful disregard for their rights, that there is no adequate remedy at law, and they will suffer irreparable harm if the City refuses to grant the permits and certificate of zoning compliance necessary to permit the construction and operation of the proposed group home. (Exhibit 1, ¶¶ 52, 55, 62, 65, 72, 75, at USSIC 000017, 000020, 000022.)

51. Given the intentional and willful nature of the alleged violations, the USSIC Policy's Deliberate Violation Exclusion provides an alternative basis to preclude coverage for the Underlying Lawsuit.

52. For this reason, USSIC has no obligation to defend or indemnify the City in the Underlying Lawsuit.

53. There may be other bases upon which USSIC can properly deny coverage, and USSIC reserves the right to plead them in the future, with leave of Court.

54. WHEREFORE, the Plaintiff, U.S. Specialty Insurance Company, requests that this Court enter a judgment:

(A) declaring that U.S. Specialty Insurance Company is not required to defend or indemnify the City of Anna with respect to the lawsuit captioned, *R.H., by his guardian and next friend, Rathel Housewirth; and Rehabilitation and Vocational Education Program, Inc. v. City of Anna, Illinois*, Case No. 16-cv-1234, pending in the United States District Court for the Southern District of Illinois;

(B)     awarding USSIC such other relief as this Court deems just.

## COUNT III

### (In the Alternative to Count I)

### (No Indemnity Coverage Pursuant to the Non-Compensatory Damages Exclusion)

55.     USSIC repeats and incorporates by reference herein the allegations of Paragraphs 1 through 40 of this Complaint.

56.     If coverage were otherwise potentially available for the Underlying Lawsuit (which USSIC contends it is not), Exclusion M. of the USSIC Policy (the "Non-Compensatory Damages Exclusion") provides that the subject insurance does not apply to "damages," claims or "suits" alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving:

> **M. Non-Compensatory Damages**
>
> Relief or redress in any form other than compensatory "damages", or for any fees including attorney fees, costs or expenses that the insured becomes legally obligated to pay as a result of any adverse judgment for declaratory, injunctive or other equitable relief. However, we will afford defense to the insured for a "suit" seeking declaratory, injunctive or other equitable relief in which covered monetary "damages" are also pled, if not otherwise excluded.

(Exhibit 2, Section II, Exclusion M., at USSIC 000103.)

57.     RAVE and R.H. seek non-compensatory declaratory and injunctive relief in order obtain the special-use permits and a certificate of zoning compliance to permit RAVE to construct and operate its group home in the City. (Exhibit 1, ¶¶ 56, 66, 76, at USSIC 000017-18, 000020, 000022.)

58.     Such relief, as requested by RAVE and R.H., and any attorneys' fees awarded as a result, are excluded pursuant to the USSIC Policy's Non-Compensatory Damages Exclusion.

59. There may be other bases upon which USSIC can properly deny coverage, and USSIC reserves the right to plead them in the future, with leave of Court.

60. WHEREFORE, the Plaintiff, U.S. Specialty Insurance Company, requests that this Court enter a judgment:

(A) declaring that U.S. Specialty Insurance Company is not required to indemnify the City of Anna with respect to the non-compensatory damages sought in the lawsuit captioned, *R.H., by his guardian and next friend, Rathel Housewirth; and Rehabilitation and Vocational Education Program, Inc. v. City of Anna, Illinois*, Case No. 16-cv-1234, pending in the United States District Court for the Southern District of Illinois;

(B) awarding USSIC such other relief as this Court deems just.

## COUNT IV

**(In the Alternative to Count I)**

**(No Indemnity Coverage Pursuant to the Specified Injuries
and Property Damage Exclusion)**

61. USSIC repeats and incorporates by reference herein the allegations of Paragraphs 1 through 40 of this Complaint.

62. Exclusion R. of the USSIC Policy (the "Specified Injuries and Property Damage Exclusion") provides that the subject insurance does not apply to "damages," claims or "suits" alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving:

> **R. Specified Injuries and Property Damage**
>
> "Bodily injury", "employee benefits injury", "employment practices injury", "personal and advertising injury", or "property damage" or the loss of economic benefits resulting therefrom.

> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "public officials wrongful act" which caused "damages" involves "bodily injury", "employee benefits injury", "employment practices injury", "personal and advertising injury" or "property damage".

(Exhibit 2, Section II, Exclusion R., at USSIC 000104.)

63. The term "bodily injury," as defined in Section VI.C. of the USSIC Policy, means "injury to the physical body, sickness, disease and death resulting from any of these at any time. "Bodily injury" also includes mental anguish and emotional distress." (Exhibit 2, Section VI.C., at USSIC 000109.)

64. RAVE and R.H. allege that they have suffered emotional distress as a result of the zoning and permitting decisions made by the City. (Exhibit 1, ¶ 53, at USSIC 000017.)

65. Compensation for such injuries is excluded pursuant to the USSIC Policy's Specified Injuries and Property Damage Exclusion.

66. There may be other bases upon which USSIC can properly deny coverage, and USSIC reserves the right to plead them in the future, with leave of Court.

67. WHEREFORE, the Plaintiff, U.S. Specialty Insurance Company, requests that this Court enter a judgment:

(A) declaring that U.S. Specialty Insurance Company is not required to indemnify the City of Anna with respect to any damages for "bodily injury" sought in the lawsuit captioned, *R.H., by his guardian and next friend, Rathel Housewirth; and Rehabilitation and Vocational Education Program, Inc. v. City of Anna, Illinois*, Case No. 16-cv-1234, pending in the United States District Court for the Southern District of Illinois;

(B) awarding USSIC such other relief as this Court deems just.

Dated this 4th day of January, 2017.

                        Respectfully submitted,

                        U.S. SPECIALTY INSURANCE COMPANY

                        By: /s/ Adam H. Fleischer
                        Adam H. Fleischer (ARDC No. 6224928)
                        Jason P. Minkin (ARDC No. 6256403)
                        BatesCarey LLP
                        191 North Wacker, Suite 2400
                        Chicago, Illinois  60606
                        Telephone:  (312) 762-3100
                        Facsimile:  (312) 762-3200
                        afleischer@batescarey.com
                        jminkin@batescarey.com

1668410